IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ANGELA DAVIS,                         *

    Plaintiff,                        *

vs.                                   *      CASE NO. 4:24-cv-169 (CDL)

PUBLIX SUPER MARKETS, INC.,           *

    Defendant.                        *

_____

O R D E R

While walking to the pharmacy counter at a Publix store, Angela Davis slipped and fell.  Davis brings this renewal action under Georgia premises liability law for personal injuries she sustained.  Pending before the Court is Publix's motion for summary judgment (ECF No. 13) and Publix's motion for judgment on the pleadings (ECF No. 15).  For the reasons that follow, the Court denies Publix's motion for summary judgment (ECF No. 13) and terminates Publix's motion for judgment on the pleadings (ECF No. 15) as moot.  The Court also dismisses Davis's claims for vicarious liability and negligent training and supervision as abandoned.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In determining whether a *genuine* dispute of *material*

fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

Viewed in the light most favorable to Davis, the record reveals the following facts. On July 15, 2022, Davis visited a Publix store in Columbus, Georgia, to pick up medication for one of her patients. After visiting the freezer department to get pre-made yogurt parfaits, Davis proceeded to the pharmacy, where she waited in line for a short period of time. The customer ahead of her approached the counter and completed his transaction without issue. When a Publix employee called Davis forward, she took approximately two steps towards the counter and slipped and fell. Prior to her fall, Davis did not notice anything on the floor in front of her despite having a clear view.[1] Davis Dep. 66:14-67:6, ECF No. 13-4. But video footage from the incident shows a clear liquid on the white tile floor in the area where Davis slipped

---

[1] After looking at still shots from the video footage of the incident at her deposition, Davis confirmed that she did not see any liquid on the ground before her fall.

within seconds after the fall.  Video Footage of Incident 13:33:21-13:33:34 (July 15, 2022), ECF No. 14.[2]  Jami Hunt, another Publix employee who responded to the scene after the fall, also confirmed that she observed a clear liquid on the floor in the area where Davis fell.  Hunt Dep. 12:15-13:3, ECF No. 13-12.

Pharmacy technician Faoa Walker was working behind the counter at the time of the incident and witnessed Davis's fall. Walker testified that Publix maintains a general "don't pass it up, pick it up" policy which is always in effect.  Walker Dep. 17:20-18:5, ECF No. 13-11.  Pursuant to this policy, employees are required to clean any hazards that they notice during their ordinary course of work.  *Id.* at 35:9-17.  But employees were not expected to actively look for water, debris, or other hazards on the floor.  *Id.* at 18:15-18.  It was other employees' duties to perform these more formal "floor sweeps."  *Id.* at 18:19-22; 34:24-35:5.  Hunt confirmed that these floor sweeps are a requirement in addition to the general policy requiring employees to clear any hazards they come across.  Hunt Dep. 9:11-16.

On the day of the incident, Walker did not recall seeing anything on the floor in the pharmacy area before Davis fell. Walker Dep. 36:17-20.  Walker testified that while she did not leave from behind the counter each hour to check for hazards, she

---

[2] All video recordings referenced in this Order are on file with the Court.

remained attentive to potential hazards in her area while working and would have either addressed or reported any hazard had she observed one. *Id.* at 35:18-36:16. Neither Walker nor Hunt was able to identify when the last floor sweep occurred prior to the incident, and no records are maintained of when these inspections are completed. *Id.* at 19:2-10; Hunt Dep. 10:2-14.

## DISCUSSION

Davis brought a Georgia law premises liability claim against Publix, as well as claims for vicarious liability and negligent training and supervision.[3] To recover on her premises liability claim, Davis "must show: [1] the existence of a defective or hazardous condition on the premises; [2] that the defendant had either actual or constructive knowledge of this condition; and [3] that the plaintiff had no knowledge of the condition, despite the exercise of ordinary care." *Warner v. Hobby Lobby Stores, Inc.*, 741 S.E.2d 270, 273 (Ga. Ct. App. 2013). Publix argues that Davis has not produced evidence that a hazardous condition existed prior to her fall and that Davis cannot establish that Publix had actual or constructive knowledge of the hazard. Publix also argues that Davis failed to produce sufficient evidence to establish the elements of her claims for vicarious liability and negligent

---

[3] Neither party disputes that Georgia law applies in this diversity action where the events giving rise to the action occurred in Georgia.

4

training and supervision.   The Court addresses each argument in turn.

## I.    Did Davis Produce Evidence of a Hazardous Condition?

"The threshold point of inquiry in a slip and fall case is the existence of a hazardous condition on the premises. . . . Proof of a fall, without more, does not give rise to liability on the part of a proprietor[.]"  *Flagstar Enters.*, *Inc. v. Burch*, 600 S.E.2d 834, 835 (Ga. Ct. App. 2004).   Where a plaintiff "cannot show the existence of a hazardous condition, she cannot prove the cause of her injuries and 'there can be no recovery because an essential element of negligence cannot be proven.'"   *Glynn-Brunswick Memorial Hosp. Auth. v. Benton*, 693 S.E.2d 566, 568 (Ga. Ct. App. 2010) (quoting *Pennington v. WJL, Inc.*, 589 S.E.2d 259, 261-62 (Ga. Ct. App. 2003)).   A plaintiff "cannot rely upon speculation" and must "prove more than the existence of a slick or wet floor."   *Id.* (quoting *Flagstar Enters.*, 600 S.E.2d at 836). Thus, to create a genuine issue of material fact, Davis must produce evidence of "what foreign substance, condition, or hazard caused her to slip and fall."   *Id.* (quoting *Mansell v. Starr Enters./Texaco, Inc.*, 568 S.E.2d 145, 146 (Ga. Ct. App. 2002)).

Publix contends that because Davis produced no direct evidence that the clear liquid was present before she fell, she failed to establish the existence of a hazard.   But a review of the video footage shows a streak of clear liquid on the white tile

5

floor in the same area where Davis appeared to slip within seconds of her fall.  Davis also presented testimony that a Publix employee who responded immediately after the incident observed clear liquid on the floor in the area of the fall.

Thus, in contrast to "[g]uesses or speculation" as to why the floor was slick, Davis has identified a specific foreign substance— a clear liquid located where she fell.  *Id.* (quoting *Brown v. Amerson*, 469 S.E.2d 723, 725 (Ga. Ct. App. 1996)).  Although Davis did not see the clear liquid before her fall, she has "presented evidence of a foreign substance . . . that could have created the slippery condition she alleged."  *J.H. Harvey Co. v. Reddick*, 522 S.E.2d 749, 752 (Ga. Ct. App. 1999) (holding that a jury could infer that a foreign substance caused a fall based on its presence immediately after the incident and its proximity to plaintiff).  Therefore, the Court finds that a reasonable jury could infer that the clear liquid caused Davis's fall based on its presence in the precise location of the fall, its appearance within seconds of the incident, and the corroborating testimony of a Publix employee.

## II.  Did Davis Show That Publix Had Constructive Knowledge of the Hazard?

Publix further argues that even if Davis did produce evidence of a hazardous condition, she failed to show that Publix had actual or constructive knowledge of the hazard.  Because Davis does not dispute that Publix had no actual knowledge of the hazard, the

Court only addresses whether there is a genuine issue of material fact as to whether Publix had constructive knowledge of the hazard. To establish constructive knowledge, Davis "must show that (1) a store employee was in the immediate area of the hazard and could have *easily seen* the substance or (2) the foreign substance remained long enough that ordinary diligence by the store employees should have discovered it." *Pirkle v. Quiktrip Corp.*, 754 S.E.2d 387, 390-91 (Ga. Ct. App. 2014) (quoting *Davis v. Bruno's Supermarkets, Inc.*, 587 S.E.2d 279, 280 (Ga. Ct. App. 2003)).

Davis first contends that Walker, who was working behind a cash register within ten feet of where Davis fell, could have easily seen the foreign substance on the floor. But "[s]howing that an employee was merely working in the immediate area of a foreign substance is not enough; the employee must have been in a position to have easily seen the substance and removed it." *Mucyo v. Publix Super Mkts., Inc.*, 688 S.E.2d 372, 374 (Ga. Ct. App. 2009) (quoting *Haskins v. Piggly Wiggly S., Inc.*, 496 S.E.2d 471, 473 (Ga. Ct. App. 1998)). Here, although Walker was in the immediate vicinity, she testified that she did not observe any substance on the floor prior to Davis's fall. Davis's own testimony confirms that, despite having an unobstructed view of the floor, she did not see any substance before she fell. Thus, because Davis did not produce evidence "that the purported hazard was readily visible to [herself] or others who were in the

7

immediate vicinity at the time she fell," she has not established that Walker or any other Publix employee could have easily seen and removed the hazard.  *Id.*

Davis next argues that the substance remained on the floor long enough that Publix should have discovered it through the exercise of ordinary diligence.  Under this second method, "[c]onstructive knowledge may be inferred when there is evidence that the owner lacked a reasonable inspection procedure." *Davis*, 587 S.E.2d at 280 (quoting *Shephard v. Winn Dixie Stores, Inc.*, 527 S.E.2d 36, 38 (Ga. Ct. App. 1999)).  Thus, to prevail on summary judgment, Publix "must demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident."  *Id.* at 280-81 (quoting *Shephard*, 527 S.E.2d at 38).  "[W]hat constitutes a reasonable inspection procedure var[ies] with each case, depending on the nature of the business, the size of the store, the number of the customers, the nature of the dangerous condition, and the store's location."  *Id.* at 281 (quoting *Shephard*, 527 S.E.2d at 39).  Moreover, Davis "need not show how long a substance has been on the floor unless the defendant has established that reasonable inspection procedures were in place and followed at the time of the incident." *Ingles Mkts., Inc. v. Martin*, 513 S.E.2d 536, 538 (Ga. Ct. App. 1999) (quoting *Straughter v. J.H. Harvey Co.*, 500 S.E.2d 353, 355 (Ga. Ct. App. 1998)).

8

Here, Publix produced evidence that it maintains a formal "floor sweep" policy and a general "don't pass it up, pick it up" policy that is always in effect.  Walker testified that she was working in the immediate area at the time of the incident and was actively looking for potential hazards pursuant to the "don't pass it up, pick it up" policy, yet did not observe any substance on the floor prior to Davis's fall.  But Publix has produced no evidence that its formal "floor sweep" inspections were conducted on the day of the incident.  Hunt testified that no records are kept of when such inspections occur, and both Hunt and Walker stated that they did not know whether a floor sweep had been performed prior to the fall or when the area was last inspected.  Thus, Publix has presented "no evidence as to any inspection schedule or as to what the last inspection revealed," nor any evidence establishing when the pharmacy area was last inspected prior to Davis's fall.  *Jones v. Krystal Co.*, 498 S.E.2d 565, 570 (Ga. Ct. App. 1998).  Considering both the nature of Publix's inspection procedures and the absence of evidence regarding their execution on the day in question, the Court finds that genuine questions of material fact remain as to whether Publix had reasonable inspection procedures in place and whether these procedures were followed at the time of the incident.  Accordingly, Publix is not entitled to judgment as a matter of law on the issue of constructive knowledge.

## III. Claims for Vicarious Liability and Negligent Training and Supervision

Counts two and three of Davis's complaint assert claims for vicarious liability and negligent training and supervision against Publix. Publix moved for summary judgment on both claims, arguing that Davis failed to produce evidence sufficient to establish the elements of either claim. Because Davis did not respond to Publix's arguments as to these claims, Davis's claims for vicarious liability and negligent training and supervision are deemed abandoned. *Resol. Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc) ("[G]rounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned."). Accordingly, these claims are dismissed.[4]

CONCLUSION

For the reasons set forth above, Publix's motion for summary judgment is denied (ECF No. 13). The Court also dismisses Davis's claims for vicarious liability and negligent training and supervision as abandoned, and the Clerk is instructed to terminate Publix's motion for judgment on the pleadings (ECF No. 15) as moot.

IT IS SO ORDERED, this 9th day of April, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[4] Publix also moved for judgment on the pleadings as to Davis's claims for vicarious liability and negligent training and supervision. Having dismissed these claims, the Court thus terminates Publix's motion for judgment on the pleadings (ECF No. 15) as moot.