IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ANGELA DAVIS,                          *

    Plaintiff,                         *

vs.                                    *       CASE NO. 4:24-cv-169 (CDL)

PUBLIX SUPER MARKETS, INC.,            *

    Defendant.                         *

_____

O R D E R

The Court previously denied Publix Super Markets, Inc.'s summary judgment motion on Angela Davis's Georgia law premises liability claim.  *See* Order (Apr. 9, 2026), ECF No. 21.  Publix filed a motion for reconsideration, asserting that the Court made clear errors of law or fact.  It did not.  Accordingly, Publix's motion for reconsideration (ECF No. 22) is denied.

MOTION FOR RECONSIDERATION STANDARD

Local Rule 7.6 provides that motions for reconsideration shall not be filed as a matter of routine practice.  M.D. Ga. R. 7.6.  Generally, such motions will only be granted if "the movant demonstrates that (1) there was an intervening development or change in controlling law, (2) new evidence has been discovered, or (3) the court made a clear error of law or fact."  *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009).

DISCUSSION

Publix asks the Court to reconsider its decision to deny summary judgment on Davis's premises liability claim.[1] Now relying upon *All American Quality Foods, Inc v. Britten*, 911 S.E. 2d 357 (Ga. Ct. App. 2025), Publix first argues that the Court clearly erred in concluding that Davis produced sufficient evidence of a hazardous condition that caused her fall.  Publix's reliance on *Britten* is misplaced.

In *Britten*, the evidence affirmatively established that no hazardous condition existed prior to or immediately after the plaintiff's fall in a grocery store.  *Id.* at 360-61.  Specifically, the store co-manager provided uncontradicted testimony that he observed no water on the floor two minutes after the incident and again eighteen minutes later when he photographed the area.  *Id.* at 359.  It was not until approximately thirty-five minutes after the fall that surveillance footage showed the co-manager cleaning water from the floor, which he testified came from melting ice packs provided to the plaintiff after the incident.  *Id.*  Under those circumstances, the Georgia Court of Appeals concluded that

---

[1] Publix notes in its motion for reconsideration that Davis's response in opposition to summary judgment was untimely.  Publix, however, neither objected to the untimeliness nor filed a reply despite having the opportunity to do so.  Moreover, the Court finds Davis's slight delay excusable because the response was filed within the period for which the Clerk could have granted an extension under the Local Rules had one been requested.  *See* M.D. Ga. R. 6.2 ("In civil cases, the clerk of the court and his deputies are authorized to permit extensions of time to a date certain not to exceed fourteen (14) days for the filing of briefs.").

the plaintiff failed to produce evidence establishing a causal connection between a hazardous condition and her fall. *Id.* at 361-362.

The record here is materially different. Surveillance footage shows a clear liquid on the floor within seconds of Davis's fall in the same location where her foot appeared to slip. Video Footage of Incident 13:33:21-13:33:34 (July 15, 2022), ECF No. 14. Further, Publix employee Jami Hunt testified that she observed a clear liquid on the floor when she responded immediately after the incident. Hunt Dep. 12:15-13:3, ECF No. 13-12. Thus, unlike in *Britten*, Davis pointed to evidence of a foreign substance present immediately after her fall in the precise location where the incident occurred. From this evidence, a reasonable jury could infer that the liquid was present before the fall and caused Davis to slip.

Publix next argues that the Court erred in concluding that genuine issues of material fact remain as to whether Publix maintained reasonable inspection procedures that were followed at the time of the incident. Specifically, Publix contends that it is entitled to judgment as a matter of law because it produced evidence that employees were subject to a general "don't pass it up, pick it up" policy requiring employees to remain attentive to hazards at all times, and that pharmacy technician Faoa Walker was complying with that policy at the time of the incident.

But Publix's present motion largely reiterates arguments it previously raised and does not address the absence of evidence concerning Publix's separate mandatory "floor sweep" inspection procedure.  As the Court noted in its prior Order, Hunt testified that Publix required formal floor sweep inspections in addition to its general vigilance policy.  Hunt Dep. 9:11-16.  Yet both Hunt and Walker testified that they did not know when the last floor sweep of the area occurred prior to Davis's fall, and Publix maintains no records reflecting when such inspections were conducted.  *Id.* at 10:2-14; Walker Dep. 19:2-10, ECF No. 13-11. And while Walker testified that she was actively looking for potential hazards at the time of the incident, she confirmed that conducting formal floor sweeps was not part of her assigned job duties.  Walker Dep. 34:24-35:8.  Thus, although Publix presented evidence that Walker was following the general "don't pass it up, pick it up" policy, Publix still produced no evidence establishing that its required floor sweep inspections were "actually carried out at the time of the incident."  *Davis v. Bruno's Supermarkets, Inc.*, 587 S.E.2d 279, 281 (Ga. Ct. App. 2003)(quoting *Shepard v. Winn Dixie Stores, Inc.*, 527 S.E.2d 36, 38 (Ga. Ct. App. 1999)). Accordingly, Publix has not shown that the Court clearly erred in concluding that genuine fact disputes remain regarding whether Publix had reasonable inspection procedures in place and whether these procedures were followed at the time of Davis's fall.

CONCLUSION

For the reasons stated above, the Court finds that Publix did not establish that the Court made a clear error of law or fact, and its motion for reconsideration (ECF No. 22) is denied.

IT IS SO ORDERED, this 27th day of May, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA